UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS WOODS,

    Plaintiff,                                                        Case No. 1:09-cv-625

v.                                                                         Hon. Robert J. Jonker

DEMMER CORPORATION,

    Defendant.
_____/

**ORDER GRANTING MOTION TO COMPEL DISCLOSURES**

Pending before the court is the Defendant's Motion to Compel Disclosures under Rule 26(a)(1), F.R.C.P. (docket no. 23). Pursuant to the Case Management Order (CMO) (docket no. 18) entered on December 8, 2009, Rule 26(a)(1) disclosures were to be made on or before January 15, 2010. When these disclosures were not forthcoming from plaintiff, defendant filed the present motion.

Subsequently, on March 29, 2010, plaintiff did provide certain disclosures, but in a supplement to its motion, defendant asserts that these disclosures do not comply with the requirements of Rule 26(a)(1). No brief in opposition to the motion has been filed.

Defendant maintains the disclosures are deficient in the following respects:

    1)     **Plaintiff has failed to identify any lay witnesses other than those disclosed by the defendant.**

Pursuant to Rule 26(a)(1)(A)(i), a party must provide the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with

1

the subject of that information, who the disclosing party may use to support its claims. The CMO also required known lay witnesses to be identified by January 15, 2010. In the absence of any showing to the contrary, the court must assume that, at this time at least, plaintiff knows of no persons other than himself and those persons identified by the defendant that have any information that would support his claims, and that plaintiff is in compliance with the rule. Of course, if it subsequently turns out that additional persons were known at this time and not disclosed, the court could take remedial action when that was established.

**2. Plaintiff has failed to adequately disclose expert witnesses that may called at trial.**

Pursuant Rule 26(a)(2)(A) and the CMO, plaintiff was required to disclose the name, address, area of expertise and a short summary of expected testimony of his expert witnesses not later than March 15, 2010. In his disclosure, plaintiff identified two experts. The first was Brenda Anderson, a handwriting expert, who plaintiff was going to have examine the letter the defendant claims that plaintiff wrote. The second expert was Michael Campton, identified as a business process expert, who was going to examine and testify "to defendant's anti-discrimination policies and procedures, and the application of those policies and procedures." Plaintiff stated this expert or his firm would in addition provide an analysis of plaintiff's loss in wages. The plaintiff also provided for each expert a detailed *curriculum vitae* containing, among other things, their contact information.

This information is sufficient to satisfy the identification prong of the rule. Rule 26(2)(A). Notwithstanding that these disclosures do not provide "the anticipated testimony of the experts," as pointed out by the defendant, this is not surprising since the plaintiff stated that the

experts had not yet done their analyses when he named them in his disclosures. The results of their analyses and a summary of their anticipated testimony should be forthcoming in the expert reports due April 15, 2010.

### 3. Plaintiff has failed to provide a computation of damages.

Paragraph 26(a)(1)(A)(iii) requires that a plaintiff must provide "a computation of each category of damages claimed" and must disclose the documents supporting the computation(s).

Plaintiff contends that part of his damages are due to a loss of wages, although he gives no figure. He states that all the documents necessary to compute the loss of wages are already in the defendant's possession. Plaintiff also seeks damages "due to the inherent nature of the discriminatory actions of defendants," but says these damages cannot be computed and "are more properly determined by a jury after it hears the circumstances of the case." Other than to maintain that his damages are in excess of $50,000, plaintiff sets forth no computation here either.

Such disclosures, or lack thereof, are entirely unsatisfactory and need little discussion. "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case. . ." Rule 26(a)(1)(E). The very fact that plaintiff has represented to the court in his complaint that his damages "are in excess of $50,000" suggests that he has a reasonable basis for that assertion, *see* Rule 11(b), and that he can supply that computation and identify any documents supporting it.

Plaintiff's approach, which puts the cart before the horse, states that he not only has no computation but anticipates none in the future, until the jury tells him what his case is worth. But, of course, the jury will have no idea what the value of the case is either, until it hears some

3

evidence from plaintiff, and that is the evidence defendant is entitled to.  *See* Rule 26(a)(1)(A)(iii).  And defendant is entitled to receive that information during discovery and not on the day of trial, so that it has adequate time to prepare.  This information was to be provided no later than January 15, 2010.  *See* CMO.  It is now three months late, and discovery only runs for two more months.

Accordingly, to the extent that defendant's motion seeks the names of individuals under Rule 26(a)(1)(A)(i), or the names of lay witnesses plaintiff intends to call, the motion is **DENIED.**  However, plaintiff has a continuing duty to supplement.  Rule 26(e).  And to the extent plaintiff fails to provide this information as to any presently known and undisclosed individuals within seven (7) days of the date of this order, he will be precluded from using this information or calling these individuals to testify at trial.

To the extent plaintiff seeks further identification of the expert witnesses, the motion is **DENIED**.

To the extent the motion seeks to compel a computation of damages, the motion is **GRANTED,** and any computation of damages and any documents on which the computations are based, including materials bearing on the nature and the extent of injuries suffered, which have not been disclosed to defendant within fourteen (14) days of the date of this order, may not be used at trial, without further order of this court.  Rule 37(c), F.R.C.P.

FURTHER, as the prevailing party on this motion, defendant is entitled to reasonable expenses, including attorney's fees, incurred in making the motion.  Rule 37(a)(5).  If the parties are unable within fourteen (14) days of the date of this order to agree upon the appropriate expenses and attorney's fees, defendant shall, not later than twenty-one (21) days after the date of this order, file an affidavit and any supporting documents for the amount of expenses and fees sought, and plaintiff

shall have seven (7) days thereafter to respond in kind.  The court will resolve the issue of costs on the papers, but reserves the right to hold a further hearing if necessary.

**IT IS SO ORDERED.**


Dated:  April 16, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge