UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

WILLIAM WOODS,

        Plaintiff,

vs.

DEMMER CORPORATION,

        Defendant.
_____/

Case No. 1:09-cv-625

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a civil rights action for race discrimination. This matter is now before the court on defendants' "Renewed motion for summary judgment" (docket no. 40).

**I.    Background**

Plaintiff, an African American man, has alleged in his amended complaint that defendant and its employees engaged in racially discriminatory conduct in violation of "Federal Civil Rights Laws, including but not limited to the Federal Civil Rights Act of 1964, as amended, and the Federal Civil Rights Act of 1991, as amended." *See* Amend. Compl. at ¶¶ 2-23 (docket no. 14).

The record reflects that plaintiff has not been cooperative in discovery. On March 4, 2010, defendant filed a motion to compel seeking sanctions and other relief. *See* Defendant's Motion to compel (docket no. 23). In this motion, defendant alleged that plaintiff had failed to complete the initial disclosures as required by Fed. R. Civ. P. 26(a) and refused to supply a handwriting sample as requested during his deposition. *Id.* The sample was necessary to assist defendant in determining whether plaintiff wrote a racially inflammatory letter related to this

litigation. *Id.* On March 30, 2010, the court approved a stipulation in which plaintiff agreed to submit handwriting exemplars. *See* Stipulation and Order (docket no. 28).

In a supplementary filing, defendant advised the court that plaintiff provided disclosures on March 29, 2010, but these disclosures failed to include a computation of damages. *See* Defendant's Supplement to motion (docket no. 29). The computation of damages section of plaintiff's disclosure referred to "Damages due to loss of wages" and "Damages due to the inherent nature of the discriminatory actions of Defednatnt's [sic]." *See* Plaintiff's Initial Fed. R. Civ. P. 26(a)(1) Disclosures (docket no. 30-2). However, plaintiff did not compute any damages, stating that defendant had possession of the documents necessary to compute lost wages, which included payroll records, his progress in the apprenticeship program, and the income of other employees of defendant that successfully completed the apprenticeship program. *Id.* Plaintiff further stated that he cannot compute the damages due to the inherent nature of the discriminatory actions, the damages "are more properly determined by a jury after it hears the circumstances of the case," an amount which plaintiff asserts is in excess of $50,000.00. *Id.*

On April 16, 2010, the court entered an order granting defendant's motion to compel in part. *See* Order (docket no. 32). After noting that plaintiff's initial disclosures regarding his damages "are entirely unsatisfactory" and three months late, the court held that:

> To the extent the motion seeks to compel a computation of damages, the motion is **GRANTED**, and any computation of damages and any documents on which the computations are based, including materials bearing on the nature and the extent of injuries suffered, which have not been disclosed to defendant within fourteen (14) days of the date of this order, may not be used at trial, without further order of this court. Rule 37(c), F.R.C.P.
>
> FURTHER, as the prevailing party on this motion, defendant is entitled to reasonable expenses, including attorney's fees, incurred in making the motion. Rule 37(a)(5). If the parties are unable within fourteen (14) days of the date of this order

> to agree upon the appropriate expenses and attorney's fees, defendant shall, not later than twenty-one (21) days after the date of this order, file an affidavit and any supporting documents for the amount of expenses and fees sought, and plaintiff shall have seven (7) days thereafter to respond in kind. The court will resolve the issue of costs on the papers, but reserves the right to hold a further hearing if necessary.

*Id.*

Defendant subsequently filed a motion to enforce the court's order granting defendant reasonable expenses including attorney's fees incurred in bringing defendant's motion to compel disclosures in the amount of $1,594.00. *See* docket no. 33. The court granted defendant's motion in part, allowing reasonable expenses in the amount of $1,462.00. *See* Order (docket no. 39).

On May 17, 2010, while the issue of defendant's expenses was pending, the court approved a stipulation, under which plaintiff agreed to produce "all documents requested in defendant's First Request for Production of Documents to Plaintiff on or before May 18, 2010." *See* Stipulation and Order (docket no. 36). The parties further stipulated that if plaintiff failed to produce all of the documents as requested on or before May 18, 2010, then his complaint "shall be dismissed with prejudice." *Id.*

On May 27, 2010, defendant moved for summary judgment on the ground that plaintiff provided no evidence of damages in support of his claims. *See* docket nos. 37 and 38. The court denied the motion without prejudice. *See* Non-Document Order (June 3, 2010). Defendant subsequently filed the present motion seeking summary judgment on the following grounds: plaintiff failed "to produce any computation of damages or provide any documents on which computations may be based;" plaintiff failed to provide expert reports as required by the Case Management Order; plaintiff failed to participate in person in facilitative mediation; plaintiff failed to timely respond to Defendant's First Request for Production of Documents; and plaintiff failed to

provide discovery and comply with an order of the court. *See* docket no. 40. Defendant also stated that plaintiff should be precluded from receipt of economic damages because there was no claim for damages. *Id.* Defendant's motion is unopposed.

After defendant filed its motion for summary judgment, plaintiff and his attorney submitted a proposed stipulation to allow defendant's counsel to withdraw. *See* docket no. 49. The court denied the entry of the stipulation, observing that "plaintiff's counsel cannot simply walk away at this late hour without explanation" and that such activity "is unfair to the court and opposing counsel." *See* Order (docket no. 51).

**II.     Legal Standard**

In its motion, defendant states that it seeks summary judgment pursuant to Fed. R. Civ. P. 56, which provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). However, defendant has not submitted any exhibits to demonstrate that it is entitled to judgment as a matter of law and its brief does not address the merits of plaintiff's claim. Rather, plaintiff seeks dismissal on three grounds.

First, defendant seeks dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A), which provides in pertinent part as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

4

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Second, defendant seeks dismissal for plaintiff's failure to prosecute his claim pursuant to Fed. R. Civ. P. 41(b), which provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Third, defendant seeks dismissal of this action with prejudice based upon plaintiff's failure to produce the documents as required by the parties' May 17, 2010 stipulation.

**III.   Discussion**

**A.   Plaintiff's failure to file brief in opposition**

Defendant's motion is unopposed. For this reason alone, the motion should be granted. The local court rules provide that defendant's first ground for dismissal under Fed. R. Civ. P. 37 is to be briefed as a nondispositive motion. *See* W.D. Mich. LCivR 7.2(a). Defendant's remaining two grounds seeks dismissal on other grounds and are briefed as dispositive motions. *Id.* Whether defendant's motion is viewed under the local court rules as dispositive or nondispositive,

5

plaintiff in either situation is required to file a response if he opposes the motion. *See* W.D. Mich. LCivR 7.3(c) ("[a]ny party opposing a nondispositive motion shall, within fourteen (14) days of service of the motion, file a responsive brief and supporting materials"); W.D. Mich. LCivR 7.2(c) ("[a]ny party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials"). "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008), quoting *Scott v. State of Tennessee*, No. 88-6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989) (granting defendants' unopposed motion to dismiss). *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal); *McKinzy v. Unified Government of Wyandotte County/Kansas City, KS*, No. 09-2199-EFM-DWB, 2010 WL 2719852 at *2 (D. Kan. July 8, 2010) (court could grant the defendants' unopposed motion to dismiss and for sanctions "with little further consideration" where the plaintiff failed to file a responsive brief as required by the local court rules); *Zayed v. United States*, 221 F. supp. 2d 813, 815 n. 1 (N.D. Ohio 2002) (court is within its discretion to consider the defendant's motion to dismiss as unopposed due to plaintiff's lack of a timely response under the local court rule, observing that "these motions are often granted").

Plaintiff's failure to file a response is a violation of the local court rules and tantamount to a waiver of opposition to defendant's motion. Regardless, it is clear for the reasons stated in § III.B., *infra*, this action should be dismissed with prejudice for a separate but related reason.

## B. Dismissal for failure to comply with terms of stipulation

Defendant contends that it is entitled to dismissal of plaintiff's complaint because plaintiff violated the terms of the May 17, 2010 stipulation by failing to timely respond to Defendant's First Request for Production of Documents. The relevant documents before the court are plaintiff's Initial Fed. R. Civ. P. 26(a)(1) disclosures and the May 17, 2010 stipulation. There is no certificate of service or other evidence in the record to establish that plaintiff filed a response to Defendant's First Request for Production of Documents on or before May 18, 2010. Because plaintiff failed to respond as required by the terms of the parties' stipulation, his amended complaint "shall be dismissed with prejudice." Accordingly, defendant's motion to dismiss should be Granted on this ground and plaintiff's action dismissed with prejudice.[1]

## C. Discovery sanctions under Fed. R. Civ. P. 37

Defendant also contends that plaintiff's amended compliant should be dismissed as a sanction under Fed. R. Civ. P. 37 or, in the alternative, that plaintiff not be allowed to put forth evidence of damages at trial. The court considers four factors in determining whether to dismiss a complaint as a sanction for discovery violations:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 -367 (6th Cir. 1997) (internal quotations omitted).

---

[1] Because plaintiff's violation of the parties' stipulation results in a dismissal of his action with prejudice, defendant's additional requests for sanctions are redundant. However, for purposes of this report, the court will address defendant's arguments for dismissal as a discovery sanction under Fed. R. Civ. P. 37(b)(2)(A) and for failure to prosecute under Fed. R. Civ. P. 41(b).

With respect to the first factor, it is unclear to the court as to whether plaintiff's failure to cooperate was due to willfulness, bad faith or fault. Defendant states that it "has consistently attempted to communicate with Plaintiff through his attorney regarding deadlines, disclosures, motions, scheduling and the like" and that "Plaintiff has delayed communication and consistently missed deadlines through his fault alone." Unfortunately, defendant has undermined the strength of this assertion, even though it is undisputed, by failing to provide any affidavits or documentary evidence in support.

Regarding the second factor, defendant is prejudiced by plaintiff's failure to disclose the nature of his alleged damages, any expert reports, and the relief sought in this action.

With respect to the third factor, plaintiff has been warned that his failure to cooperate could lead to dismissal. As previously discussed, he entered into a stipulation to that effect.

Finally, the court has considered and ordered a less drastic sanction for plaintiff's discovery violations previously, by requiring him to pay defendant's expenses in the amount of $1,462.00. Since plaintiff continues to not provide discovery regarding his damages, and defendant is prejudiced by plaintiff's failure to provide this information, it appears that the less drastic sanctions previously imposed have so far not been fruitful. For reasons stated in the following section, it is unnecessary for the court to speculate on whether some other sanction less drastic than dismissal might conceivably persuade plaintiff to cooperate.

To summarize, most of the considerations identified in *Harmon* support dismissal of plaintiff's amended complaint as a discovery sanction, and arguably the court could dismiss the complaint under Fed. R. Civ. P. 37. At a minimum, plaintiff should be prohibited from presenting evidence of monetary damages at trial, as a discovery sanction.

### D. Failure to prosecute under Rule 41

Defendant also contends that the court should dismiss plaintiff's action for failure to prosecute under Fed. R. Civ. P. 41(b), which "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Department*, 529 F.3d 731, 736 (6th Cir. 2008). The district court is given substantial discretion in exercising this authority. *Id.* While dismissal for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties," *id.* (quoting *Knoll v. A T & T*, 176 F.3d 359, 363 (6th Cir. 1999) (brackets and internal quotation marks omitted), such a dismissal "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T. W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted). Finally, the court should consider the four *Harmon* factors in determining whether to dismiss a case for failure to prosecute. *See Wu*, 420 F.3d at 643; *Knoll*, 176 F.3d at 363.

For the same reasons as discussed in § III.C., *supra*, dismissal would arguably appear appropriate in this particular case if the analysis were strictly limited to *Harmon, supra.* But plaintiff's failure to abide by his own stipulation to produce discovery resolves the issue. This is simply the other side of the same coin. Whether this is characterized as enforcing a stipulation or sanctioning plaintiff's failure to prosecute, plaintiff should be bound by his own agreement and defendant's motion to dismiss should be Granted.

9

### IV. Recommendation

For the reasons stated above, I recommend that defendants' motion for summary judgment (docket no. 40) be **GRANTED** and this action be dismissed with prejudice pursuant to the terms of the May 17, 2010 Stipulation.


Dated: November 18, 2010                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).